UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND GIBSON, <br><br> Plaintiff, <br> v. <br><br> WARDEN DAVID OWENS, <br><br> Defendant. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 16-cv-06362 (JBS-AMD) <br><br> **OPINION** |

APPEARANCES

Raymond Gibson, Plaintiff Pro Se
559795B/1074280
Bayside State Prison
P.O. Box F-2
Leesburg, NJ 08327

**SIMANDLE, Chief District Judge:**

1.   Plaintiff Raymond Gibson seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Warden David Owens ("Owens") for allegedly unconstitutional conditions of confinement. Complaint dated September 28, 2016 ("Complaint"), Docket Entry 1. On February 8, 2017, Plaintiff filed a Notice with this Court ("Notice") seeking to add Camden County Correctional Facility ("CCCF") and the Freeholders Associated With Board of Directioners ("the Freeholders") as additional defendants in this action. (Docket Entry 6.)

2.   28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any

claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court now: (a) dismisses the Complaint without prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(b)(ii); (b) determines that Plaintiff's Notice does not constitute an amended complaint; and (c) grants Plaintiff leave to file an amended complaint within 30 days of the date of this Opinion and Order.

4. First, the Complaint fails to state a claim as it does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. 28 U.S.C. § 1915(e)(2)(b)(ii). Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

5. To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir.

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6.  With respect to the alleged facts giving rise to Plaintiff's claims, the Complaint states that Owens was "deliberately indifferent to my right by having me in a[n] overcrowded housing unit where I'm forced to sleep on the floor." Complaint § 4(b). Plaintiff alleges that "[o]vercrowded

---

2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

conditions in C.C.C.F. ha[ve] been going on for years and [are] a well-known fact so I felt as if my situation was hopeless." *Id*. § 5. Plaintiff contends that "[t]he warden has allowed myself and others to sleep on the floor. These overcrowded conditions have subjected me to unsanitary conditions which breed infections such as boils and mercer [*sic*]. The overcrowded conditions also breed violence in a[n] already unsafe environment. These conditions have me subjected to back pains, sore muscles, and repeated nightmares from living in such a volatile environment. The inhumane conditions at C.C.C.F. from 8/13/15 to 9/28/16 have taken a toll on my physical and mental health." *Id*. § 6.

    7.   Plaintiff "move[s] for relief to all future inmates housed at C.C.C.F. so they never have to sleep on the floor and be subjected to these overcrowded conditions. Also I seek a mon[e]tary award for my civil rights being violated, namely $1,500,000 in compensatory damages and $1,500,000 in punitive damages." *Id*. § 7.

    8.   Construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

4

9. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348-50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

10. Therefore, given that the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred, it must be dismissed as to claims made against Owens because the Complaint does "[not] allege[] any personal involvement by [the warden] in any constitutional violation – a fatal flaw [in] a § 1983 suit." *Baker v. Flagg*, 439 F. App'x 82, 84 (3d Cir. 2011) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "'Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' Thus, [plaintiff] failed to state a claim against [the] Warden." *Bob v. Kuo*, 387 F. App'x 134, 136 (3d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

11. Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[2]

---

[2] The amended complaint shall be subject to screening prior to service.

12. Second, construing Plaintiff's Notice as an attempt to amend the original Complaint, it is insufficient to constitute an amended complaint.

13. Under Federal Rule of Civil Procedure 15(a), once 21 days have elapsed after service of a pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a).

14. When an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in an amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* However, Plaintiff's Notice does not clearly adopt the allegations in the original Complaint.

15. The Notice states in its entirety: "I would hereby like to name additional defendants in the above mentioned civil action. In addition to Warden David Owens, the Camden County Correctional Facility and the Freeholders Associated With Board of Directioners are also directly responsible for all damages sought in regards to physical and psyc[h]ological effects of

7

being housed in the overcrow[de]d facility. I have slept on the floor for long periods of time and been exposed to unsanitary living conditions. Overcrowded housing units also lead to violent living condition and unnecessary tension among inmates." (Docket Entry 6.)

    16. Plaintiff has not incorporated his previously filed Complaint (Docket Entry 1) into Plaintiff's Notice (Docket Entry 6). As such, Plaintiff's Notice fails to contain "a short and plain statement of the grounds for the court's jurisdiction . . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(1)-(3).

    17. Plaintiff's original Complaint does not cure the pleading defects in Plaintiff's Notice. The safer course would have been for Plaintiff to file an amended complaint that was complete in itself.

    18. In short, even considering Plaintiff's Notice together with the original Complaint, he has still failed to plead specific facts that state a claim regarding the conditions of his confinement. Therefore, even liberally construing the Complaint and Plaintiff's Notice as this Court is required to do, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013), Plaintiff has still failed to plead sufficient facts to support a reasonable inference that a constitutional violation

occurred during his incarceration in order to survive this Court's review under § 1915.

  19. In addition, Plaintiff should note that with respect to the Notice's attempted addition of CCCF as a defendant, only "persons" acting "under the color of state law" may be held liable under § 1983 for civil rights violations. *See* 42 U.S.C. § 1983 ("Every person, who under color of any statute, ordinance, regulation, custom or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . ."); *Nicini v. Morra,* 212 F.3d 798, 806 (3d Cir. 2000) ("[t]o establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law"). In other words, only "persons" who, under authority of state law, exercise power they possess as a result of such state law can be held liable under § 1983. While the determination of who is a "person" is a matter of federal statutory interpretation, the matter of who has the capacity to be sued is determined by the law of the forum state. In this jurisdiction, CCCF is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison

is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538– 39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Therefore, the Court observes that Plaintiff's purported claims against CCCF as referenced in Plaintiff's Notice attempting to add CCCF as a defendant would have to be dismissed with prejudice, in any event, because CCCF is not a "state actor" within the meaning of § 1983.

20. In light of Plaintiff's *pro se* status, the Court will grant Plaintiff one final opportunity to submit an amended complaint that meets the pleading standards. If Plaintiff is unable to allege facts sufficient to survive § 1915 review in his amended complaint, the Court may conclude that permitting further amendment would be futile and dismiss the complaint with prejudice. *See Hoffenberg v. Bumb*, 446 F. App'x 394, 399 (3d Cir. 2011); *Rhett v. N.J. State Superior Court*, 260 F. App'x 513, 516 (3d Cir. 2008) (affirming dismissal with prejudice after District Court gave *pro se* plaintiff several opportunities to comply with Rule 8). Plaintiff should not that an amended complaint may not adopt or repeat claims in an original complaint that have been dismissed by the Court.

21. For these reasons as well as those stated above, the original Complaint is dismissed without prejudice for failure to

state a claim, and Plaintiff is granted leave to file an amended complaint within 30 days of the date of this Opinion and Order.

22. Any amended complaint is subject to screening prior to service, and it must plead specific facts regarding the conditions of confinement sufficient to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

23. For the reasons stated above: (a) the Court dismisses the Complaint without prejudice for failure to state a claim; (b) the Court finds that the Notice does not constitute an amended complaint; and (c) the Court grants Plaintiff leave to file an amended complaint within 30 days of the date of this Opinion and Order.

24. An appropriate order follows.

**March 9, 2017**                   **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                            Chief U.S. District Judge