IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| RAYMOND GIBSON, | HONORABLE JEROME B. SIMANDLE |
|---|---|
| Plaintiff,<br>v.<br>DAVID OWENS (WARDEN, CAMDEN COUNTY CORRECTIONAL FACILITY),<br>Defendant. | Civil Action<br>No. 16-cv-06362 (JBS-AMD)<br><br>OPINION |

APPEARANCES:

Raymond Gibson, Plaintiff Pro Se
676 Fairview Street
Camden, NJ 08104

**SIMANDLE, District Judge:**

## **INTRODUCTION**

1. By Complaint received at the Clerk's Office of this Court on October 3, 2016 (Docket Entry 1) ("Original Complaint"), plaintiff Raymond Gibson ("Plaintiff") sought to bring a civil rights action against Warden David Owens ("Owens"), as Warden of Camden County Correctional Facility, pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement. The Original Complaint alleged: "The warden has allowed myself and others to sleep on the floor. These overcrowded conditions have subjected me to unsanitary conditions which breed infections such as boils and mercer [*sic*]. The overcrowded conditions also breed violence in a[n]

already unsafe environment. These conditions have me subjected to back pains, sore muscles, and repeated nightmares from living in such a volatile environment. The inhumane conditions at C.C.C.F. from 8/13/15 to 9/28/16 have taken a toll on my physical and mental health." *Id*. § 6.

2. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77, requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

3. In accordance with these directives of the PLRA, this Court undertook the requisite screening and, by Order ("Dismissal Order") and Opinion ("Dismissal Opinion") dated March 9, 2017: (a) dismissed the Original Complaint without prejudice; (b) ruled that Plaintiff's Notice, which was docketed on February 8, 2017 and which sought to add Camden County Correctional Facility ("CCCF") and Freeholders Associated with Board of Directioneers as defendants, did not constitute an amended complaint; and (c) granted Plaintiff leave to file an amended complaint on or before April 8, 2017. (Docket Entries 7 and 8.)

4. On April 13, 2017, this Court granted Plaintiff an extension of time to submit his proposed amended complaint. Plaintiff's deadline to do so was on or before May 13, 2017. (Docket Entry 10 ("Extension Order").)

5. On May 30, 2017, the Clerk's Office of this Court received a proposed Amended Complaint from Plaintiff, once again asserting claims arising from incarceration at CCCF (Docket Entry 11 ("Amended Complaint")) and premising his unconstitutional conditions of confinement claims upon "overcrowded housing" (*id.* at ¶ 3), as follows:

> a. [P]laintiff is challenging the existing policies and customs associated with housing inmates in overcrowded unsanitary housing units that breed violence . . . [Plaintiff] was not only forced to sleep on the floor but also given the task of finding cellmates willing to allow him floor space. One man cells are converted into two man cells with a third or fourth person having to sleep on the floor . . . The plaintiff therefore has to challenge the failure to act in regards to inmate safety (*id.*);
>
> b. The [B]oard of Freeholders is directly responsible for the policies regarding overcrowding within the C.C.C.F. and the Warden[,] Deputy Warden[,] and Chief of C.C.C.F. is [sic] directly responsible for the enforcement of these policies . . . The true motive for the [F]reeholders [A]ssociation is purely profit (*id.* at ¶¶ 2, 4); and
>
> c. The Camden County Prosecutors Office is named for malicious prosecution, namely raising the original charges to a higher court based solely on the plaintiff's priors

and not the facts of the case. The
prosecutor's office did not have probable
cause to wave up the indictment because
there was no sworn affidavit signed against
the plaintiff. (*Id.* at ¶ 5.)

6.    The Amended Complaint names as defendants: Warden David Owens ("Owens"), Deputy Warden C. Johnson ("Johnson"), Chief J. Thompson ("Thompson"), Camden County Correctional Facility Freeholders ("the Freeholders"), and Camden County Prosecutors Office ("the Prosecutor's Office"). (*Id.* at page 1.) Owens, Johnson and Thompson are referred to collectively in this Opinion as "the Individual Defendants."

7.    As to Plaintiff's claims of unconstitutional overcrowding at CCCF, the Amended Complaint seeks "monetary compensation in the amount of $1,500,000" from "the freeholders association" and from "a responsible official who does not prevent the conspiratorial acts [of] overcrowded units." Plaintiff seeks these damages for his "pain, suffering and future loss of wages from the same individuals lining their pockets for years by disregarding the safety and well-being of inmates." (*Id.* at ¶¶ 4 and 6.)

8.    As to Plaintiff's claims of malicious prosecution against the Prosecutor's Office, the Amended Complaint seeks "damages in the sum of $1,500,000." (*Id.* at ¶ 5.)

9. Plaintiff has not incorporated his previously filed Complaint (Docket Entry 1) into Plaintiff's Amended Complaint (Docket Entry 11).

10. This action is again subject to judicial screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

11. Pursuant to the PLRA's screening mandate, the Court finds that Plaintiff's Amended Complaint: (a) must be dismissed with prejudice as to its unconstitutional overcrowding claims, for failure to state a claim; (b) must be dismissed with prejudice as to overcrowded conditions of confinement claims against the Individual Defendants and the Freeholders, for failure to state a claim; and (c) must be dismissed with prejudice as to its malicious prosecution claims against the Prosecutor's Office, for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

### I. The Proposed Amended Complaint Is Deemed Timely

12. This Court's April 13 Extension Order provided, in part: "Plaintiff shall submit his proposed amended complaint on or before 30 days from the date of this Order." (Docket Entry 10.) That thirty day period expired on May 13, 2017.

13. Plaintiff's proposed Amended Complaint was received at the Clerk's Office of this Court on May 30, 2017. (Docket Entry 11.)

14. Plaintiff's proposed Amended Complaint therefore appears to be technically untimely[1] and would be subject to dismissal for being late. Nonetheless, because Plaintiff, proceeding pro se, was less than one month late beyond the Court's 30-day deadline, and because his proposed Amended Complaint shows he took his obligations seriously, the Court will now screen it under Section 1915(e)(2).

---

[1] According to Plaintiff's Original Complaint that he signed on September 28, 2016, he was in custody in CCCF as of that date. (Docket Entry 1 at 6.) His Amended Complaint suggests that he was in custody at the Talbot Hall residence of the New Jersey Department of Corrections on or around May 25, 2017. (Docket Entry 11 at 6.) However, the Amended Complaint does not append an affidavit of service conclusively stating the specific date when Plaintiff provided the Amended Complaint to Talbot Hall personnel for mailing to this Court. Such affidavit of service is necessary for Plaintiff to invoke the time calculation provisions of the mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988). Under that rule, pleadings are deemed filed with a court when a prisoner provides them to prison officials to mail. It would, therefore, be possible that the Amended Complaint might be timely under the Extension Order if Plaintiff gave it to Talbot Hall personnel on or before May 13, 2017 and it was somehow delayed in mail processing. In any event, this Court regards the mailbox rule's applicability as moot since the Court will undertake § 1915 screening of the Amended Complaint in light of Plaintiff's efforts at compliance with the Extension Order.

**II. The Proposed Amended Complaint Is Unsigned**

15. Aside from the Amended Complaint's untimeliness, Plaintiff would also have had to sign it in order to proceed with its claims. *See Gary v. Albino*, No. 1008866, 2010 WL 2546037, at *4 (D.N.J. June 21, 2010) ("Rule 11(a) of the Federal Rules of Civil Procedure requires each pro se plaintiff to sign every pleading, written motion, or other paper submitted to the Court with respect to his claims"). Plaintiff here has *not* signed the proposed Amended Complaint. (Docket Entry 11 at 5.)

16. Nevertheless, in light of Plaintiff's pro se status and the fact that the Amended Complaint ultimately does not survive § 1915 screening, this Court shall proceed to screen it under the PLRA as if Plaintiff signed it.

**III. The Proposed Amended Complaint Does Not State Overcrowding Claims That Survive Review Under § 1915. Accordingly, They Are Dismissed With Prejudice.**

17. Like the Original Complaint, the Amended Complaint still does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred as to overcrowded conditions of confinement.

18. Due process analysis requires courts to consider whether the totality of confinement conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in

7

relation to the purposes assigned to them." *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008). Due process protections "secure the individual from the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice." *Hurtado v. California,* 110 U.S. 516, 527 (1884). "[O]nly the most egregious official conduct can be said to be 'arbitrary in the constitutional sense,' *Collins v. City of Harker Heights,* 503 U.S. 115, 129 (1992), thereby recognizing the point made by Chief Justice Marshall, that 'it is *a constitution* we are expounding,' *Daniels v. Williams*, 474 U.S. 327, 332 (1985) (quoting *M'Culloch v. Maryland,* 17 U.S. 316 (1819) (emphasis in original))." *City of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

19. Furthermore, the Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

20. Accordingly, to demonstrate that supposedly overcrowded incarceration conditions of a pretrial detainee shock the conscience and thus violate due process rights, more is necessary than, such as Plaintiff here alleges, simply being "forced to sleep on the floor" in "[o]ne man cells converted into two man cells with a third or fourth person having to sleep on the floor" pursuant to "policies and customs associated with housing inmates in overcrowded unsanitary housing units that

8

breed violence." (Amended Complaint, Docket Entry 11 at 2-3.) Plaintiff refers generally to "unnecessary violence" among inmates "housed on top of each other" and to an unspecified "incident on 5-S-D" (*id*. at 3), but he does not allege the date of, or the participants in, such supposed circumstances. He also does not claim any personal injury or other particular damages to his person from the housing conditions or the "incident." Thus, the Amended Complaint does not cure the pleading defects of the Original Complaint as to Plaintiff's overcrowded conditions of confinement claims.

21. Therefore, even liberally construing the Complaint and the Amended Complaint as this Court is required to do, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013), Plaintiff has still failed to plead sufficient facts to support a reasonable inference that an unconstitutional overcrowding violation occurred in order to survive review under § 1915.

22. In light of (a) the opportunity that has already been given to Plaintiff to submit an amended complaint that meets the requisite pleading standards, and (b) the Amended Complaint's failure to allege facts sufficient to survive § 1915 review, the Court concludes that permitting further amendment would be futile and hereby dismisses the entirety of all overcrowding claims in both the Original Complaint and in the Amended Complaint with prejudice. *See Hoffenberg v. Bumb*, 446 F. App'x

394, 399 (3d Cir. 2011); *Rhett v. N.J. State Superior Court*, 260 F. App'x 513, 516 (3d Cir. 2008) (affirming dismissal with prejudice after District Court gave pro se plaintiff several opportunities to comply with Rule 8).

IV. **The Amended Complaint's Overcrowding Allegations Against The Individual Defendants Do Not State Claims That Survive Review Under § 1915. Accordingly, They Are Dismissed With Prejudice.**

23. Plaintiff argues that "the Warden[,] Deputy Warden[,] and Chief of C.C.C.F. is [sic] directly responsible for the enforcement of these policies . . . regarding overcrowding within the C.C.C.F . . . [T]he warden Mr. Owens w[as] aware of the overcrowded conditions and the fight for the right to a bunk mentality among inmates." (Docket Entry 11 at 2, 3.)

24. These claims against the Individual Defendants for unconstitutionally overcrowded conditions of confinement must be dismissed with prejudice. The Amended Complaint does "[not] allege[] any personal involvement by [the Warden, Deputy Warden, or Chief of CCCF] in any constitutional violation – a fatal flaw, since 'liability in a § 1983 suit cannot be predicated solely on the operation of *respondeat superior*.'" *Baker v. Flagg*, 439 F. App'x 82, 84 (3d Cir. 2011) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

Constitution." *Bob v. Kuo*, 387 F. App'x 134, 136 (3d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Here, though, even if such personal involvement by an Individual Defendant were alleged, Plaintiff's overcrowded conditions claims do not set forth a constitutional claim in the first place, as explained earlier in Section III of this Opinion. The Amended Complaint's allegations against the Individual Defendants arise exclusively from the overcrowding conditions, which are not constitutional violations as they are alleged by Plaintiff. Therefore, the Amended Complaint fails to state a claim.

25. Accordingly, Plaintiff's overcrowding claims against the Individual Defendants are dismissed with prejudice.

26. In light of (a) the opportunity that has already been given to Plaintiff to submit an amended complaint that meets the requisite pleading standards, and (b) the Amended Complaint's failure to allege facts sufficient to survive § 1915 review, the Court concludes that permitting further amendment as to the Individual Defendants would be futile. The Court hereby dismisses with prejudice the entirety of all claims against the Individual Defendants in the Amended Complaint. *See Hoffenberg*, 446 F. App'x at 399; *Rhett*, 260 F. App'x at 516.

**V. The Amended Complaint's Claims Against The Freeholders Do Not State Claims That Survive Review Under § 1915 And Are Therefore Dismissed With Prejudice.**

27. Plaintiff contends that the Freeholders are "directly responsible for the policies regarding overcrowding within the C.C.C.F." (Amended Complaint, Docket Entry 11 at 2.) He alleges that "[t]he freeholders were aware of the overcrowded conditions" but "disregard[ed] the safety and well-being of the inmates" for "pure[] profit." (*Id*. at 3, 4.)

28. Plaintiff has not pled sufficient facts to impose liability on the Freeholders, as these defendants are not separate legal entities from Camden County and are therefore not independently subject to suit. *See Bermudez v. Essex Cty. D.O.C.*, No. 12-6035, 2013 WL 1405263, at *5 (D.N.J. Apr. 4, 2013) (citing cases). Plaintiff has not pled sufficient facts to impose liability on Camden County. "There is no *respondeat superior* theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents. Rather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 691 (1978)). *See also Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the

wrongdoer"). Plaintiff must plead facts showing that the relevant Camden County policy-makers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[2] In other words, Plaintiff must set forth facts supporting an inference that Camden County itself was the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 689.

29. Here, Plaintiff has not alleged an actionable constitutional violation in the first place (for the reasons set forth earlier in Part III of this Opinion), much less that Camden County was the moving force behind any such violation.

30. Accordingly, Plaintiff's claims against the Freeholders must be dismissed.

31. In light of (a) the opportunity that has already been given to Plaintiff to submit an amended complaint that meets the requisite pleading standards, and (b) the Amended Complaint's failure to allege facts sufficient to survive § 1915 review, the

---

[2] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

Court concludes that permitting further amendment as to the Freeholders would be futile. The Court hereby dismisses with prejudice the entirety of all claims against the Freeholders in the Amended Complaint. *See Hoffenberg*, 446 F. App'x at 399; *Rhett*, 260 F. App'x at 516.

V. **The Amended Complaint's Malicious Prosecution Claims Against The Prosecutor's Office Do Not Survive Review Under § 1915 And Are Therefore Dismissed With Prejudice.**

32. In addition to his claims related to alleged overcrowding at CCCF, Plaintiff also "would like to move forward with a claim against the Camden County Prosecutors Office for damages in the sum of $1,500,000," stating as follows:

> The Camden County Prosecutor's Office is named in this 42 USCS 1983 for malicious prosecution, namely raising the original charges to a higher court based solely on the plaintiff's priors and not the facts of the case. The prosecutor's office did not have probable cause to wave up the indictment because there was no sworn affidavit signed against the plaintiff. The decision to upgrade plaintiff[']s charge from municipal to superior was based solely on a phone conversation, not a signed affidavit taken by a judicial officer. The plaintiff was placed [i]n a maximum security unit for a charge [that] in the end amounted to attempted theft[,] [which is] a third degree charge . . . This practice leaves the defendant in criminal cases at a disadvantage to fight trumped up charges that originated from the imagination of the prosecution[,] not the facts of the case.

(Docket Entry 11 at 4.)

33. In order to establish a constitutional claim for

14

malicious prosecution pursuant to 42 U.S.C. § 1983, a plaintiff must show the following: (a) that the defendant initiated a criminal proceeding; (b) that the criminal proceeding ended in the plaintiff's favor; (c) that the proceeding was initiated without probable cause; (d) that the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (e) that the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009) (*citing Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

34. In this case, Plaintiff has not alleged sufficient facts to allow a claim of malicious prosecution to proceed.

35. Plaintiff appears to argue that simply because he was ultimately charged with offenses that carried a higher offense classification than his original charges, he therefore was maliciously prosecuted. However, beyond reference to a vague and non-specific "phone conversation" (Docket Entry 11 at 4), Plaintiff does not allege any facts to indicate a lack of probable cause when the proceeding against him was initiated. Furthermore, the Amended Complaint does not allege any facts to indicate that the proceeding ended in his favor.

36. As such, Plaintiff's claims for malicious prosecution

against the Camden County Prosecutor's Office must be dismissed pursuant to § 1915.

37. In light of (a) the opportunity that has already been given to Plaintiff to submit an amended complaint that meets the requisite pleading standards, and (b) the Amended Complaint's failure to allege facts sufficient to survive § 1915 review, the Court concludes that permitting further amendment as to the Camden County Prosecutor's Office would be futile. The Court hereby dismisses with prejudice the entirety of all malicious prosecution claims against the Camden County Prosecutor's Office in the Amended Complaint.

## CONCLUSION

38. For the reasons stated above:

    a. The original Complaint (Docket Entry 1) remains dismissed with prejudice as to Plaintiff's claims against defendant Owens, and the balance of all other claims in the Complaint is also now dismissed with prejudice; and

    b. The Amended Complaint is dismissed with prejudice as to Plaintiff's overcrowded conditions of confinement allegations because they fail to state a claim and therefore do not survive this Court's screening under § 1915; and

    c. The Amended Complaint is dismissed with prejudice as to Plaintiff's claims against Deputy Warden C. Johnson and Chief J. Thompson because the allegations fail to state a claim and

16

therefore do not survive this Court's screening under § 1915; and

    d. The Amended Complaint is dismissed with prejudice as to Plaintiff's claims against Camden County Correctional Facility Freeholders because the allegations fail to state a claim and therefore do not survive this Court's screening under § 1915; and

    e. The Amended Complaint is dismissed with prejudice as to Plaintiff's malicious prosecution claims against the Camden County Prosecutor's Office because the allegations fail to state a claim and therefore do not survive this Court's screening under § 1915.

39. An appropriate order follows.

| | |
|---|---|
| **March 27, 2018** | s/ Jerome B. Simandle |
| Date | JEROME B. SIMANDLE<br>United States District Judge |